21-6544
*Almonte v. Garland*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

*Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.*

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 6th day of January, two thousand twenty-three.

PRESENT:  Steven J. Menashi,
Eunice C. Lee,
Sarah A. L. Merriam,
*Circuit Judges.*

_____

CECILIO A. ALMONTE,

*Petitioner,*

v.                                                                    No. 21-6544

MERRICK B. GARLAND,
UNITED STATES ATTORNEY GENERAL,

*Respondent.*

_____

| | |
|---|---|
| _For Petitioner_: | Gisela Chavez-Garcia, Law Offices of Gisela Chavez-Garcia, New York, NY. |
| | |
| _For Respondent_: | Brian M. Boynton, Principal Deputy Assistant Attorney General; Shelley R. Goad, Assistant Director, Office of Immigration Litigation; Monica G. Antoun, Trial Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, DC. |

Upon due consideration of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the petition for review is **DISMISSED** in part and **DENIED** in part.

Petitioner Cecilio A. Almonte, a citizen of the Dominican Republic, seeks review of a September 8, 2021, decision of the BIA affirming a December 14, 2018, decision of an Immigration Judge ("IJ") denying his application for cancellation of removal. _In re Cecilio A. Almonte_, No. A073 496 506 (B.I.A. Sept. 8, 2021), _aff'g_ No. A073 496 506 (Immig. Ct. N.Y. City Dec. 14, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

2

We have reviewed the IJ's decision as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The agency "may cancel removal in the case of an alien who is inadmissible or deportable from the United States," such as Almonte, if the alien "(1) has been an alien lawfully admitted for permanent residence for not less than 5 years, (2) has resided in the United States continuously for 7 years after having been admitted in any status, and (3) has not been convicted of an aggravated felony." 8 U.S.C. § 1229b(a). "[C]ancellation of removal is a two-step process. First, an alien must prove eligibility by showing that he meets the statutory eligibility requirements. Second, assuming [the] alien satisfies the statutory requirements, the Attorney General in his discretion decides whether to grant or deny relief." *Mendez v. Holder*, 566 F.3d 316, 319-20 (2d Cir. 2009) (quoting *Rodriguez v. Gonzales*, 451 F.3d 60, 62 (2d Cir. 2006)).

In assessing whether cancellation of removal is merited as a matter of discretion, the agency reviews "the record as a whole" and "must balance the adverse factors evidencing the alien's undesirability as a permanent resident with the social and humane considerations presented [on] his … behalf to determine whether the granting of relief appears in the best interest of this country." *In re C-V-T-*, 22 I. & N. Dec. 7, 11 (B.I.A. 1998) (alteration omitted); *see also Argueta v.*

3

*Holder*, 617 F.3d 109, 113 (2d Cir. 2010) (citing *C-V-T-* as the standard for discretionary relief and noting the "agency's broad discretion to decide whether to grant cancellation of removal as a matter of grace"). "Among the factors deemed adverse to an alien is the existence of a criminal record." *Argueta*, 617 F.3d at 113 (alterations omitted). "[T]he nature, recency, and seriousness of the prior convictions is considered as part of the overall balancing test, as is proof of genuine rehabilitation if a criminal record exists." *Id.* (internal quotation marks omitted).

Here, the agency found Almonte statutorily eligible for relief but denied cancellation as a matter of discretion. Our jurisdiction to review this denial of cancellation as a matter of discretion is limited to colorable constitutional claims or questions of law. *See* 8 U.S.C. § 1252(a)(2)(B)(i), (D); *Patel v. Garland*, 142 S. Ct. 1614, 1627 (2022); *Guerrero-Lasprilla v. Barr*, 140 S. Ct. 1062, 1068 (2020); *Barco-Sandoval v. Gonzales*, 516 F.3d 35, 36 (2d Cir. 2008). We have said that a question of law may arise when the agency "totally overlooked" or "seriously mischaracterized" material evidence, *Mendez*, 566 F.3d at 323, or considered a prohibited factor, *Argueta*, 617 F.3d at 113. But "a petitioner cannot use the rhetoric of a constitutional claim or question of law to disguise what is essentially a quarrel about fact-finding or the exercise of discretion." *Barco-Sandoval*, 516 F.3d at 39

4

(internal quotation marks and alteration omitted); *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 329 (2d Cir. 2006) (holding that we lack jurisdiction when, "regardless of the rhetoric employed," a petitioner "merely quarrels over the correctness of the factual findings or justification for the discretionary choices").

First, we conclude that Almonte's arguments challenging the weight that the agency afforded to evidence of his criminal acts raise only a question of fact, which we lack jurisdiction to review. Almonte's claim that the agency erred in considering an arrest report is meritless. "[U]ncorroborated arrest reports are admissible in the cancellation-of-removal discretionary analysis." *Marquez v. Garland*, 13 F.4th 108, 115 n.4 (2d Cir. 2021). Though a question of law might arise when the agency has "seriously mischaracterized" evidence, *Mendez*, 566 F.3d at 323, the agency here did not misrepresent the contents of the arrest report.

Second, Almonte's arguments that the agency misread his appellate brief and his plea agreement amount to a challenge to the agency's decision not to credit his version of events—that he only committed one offense, rather than the two counts to which he pleaded guilty, and that his actions were substantially less serious than the allegations in the arrest report—which does not raise a question of law. The record does not reveal that the agency "totally overlooked" or

"seriously mischaracterized" any evidence, and "the agency does not commit an 'error of law' every time an item of evidence . . . is described with imperfect accuracy." *Id*.

However, Almonte's third argument—that the BIA engaged in improper factfinding—raises a legal question over which we have jurisdiction. "[W]hen the BIA engages in factfinding in contravention of 8 C.F.R. § 1003.1(d)(3)(iv), it commits an error of law, which we have jurisdiction to correct." *Padmore v. Holder*, 609 F.3d 62, 67 (2d Cir. 2010). Nevertheless, Almonte's argument fails for two reasons. First, the BIA did not engage in factfinding. The IJ found that Almonte abused his niece three times. On appeal, the BIA said that Almonte was "convicted of two counts of Attempted Endangering the Welfare of a Child." The facts as stated by the BIA—that Almonte pleaded guilty to two counts—are consistent with the IJ's factual determination that Almonte abused his niece three times. Convictions and incidents are not identical. Second, even assuming that the BIA engaged in factfinding, the factfinding would have been permissible. The BIA "will not engage in factfinding in the course of deciding cases," except that it may "take administrative notice of facts that are not reasonably subject to dispute, such as … [f]acts that can be accurately and readily determined from official

government sources and whose accuracy is not disputed." 8 C.F.R. § 1003.1(d)(3)(iv)(A), (A)(3). The BIA based the statement that Almonte pleaded guilty to two counts of Attempted Endangering the Welfare of a Child on Almonte's conviction record. Almonte does not challenge the accuracy of his conviction record. Thus, even if the BIA engaged in factfinding, it did so by taking administrative notice of facts from an "official government source[] … whose accuracy is not disputed." 8 C.F.R. § 1003.1(d)(3)(iv)(A)(3). The BIA therefore did not engage in improper factfinding. We deny the petition for review with respect to Almonte's claim of improper factfinding.

In sum, Almonte's first two arguments go to the weight the agency gave the evidence and its balancing of Almonte's criminal history with other factors, neither of which is subject to judicial review. *See Barco-Sandoval*, 516 F.3d at 36; *see also Argueta*, 617 F.3d at 113 (finding the "contention that the IJ weighed factors that the IJ was *prohibited* from considering is quite distinct from the unreviewable argument that the IJ balanced improperly those factors that the IJ could consider"). We have jurisdiction over Almonte's third argument: that the BIA engaged in improper factfinding in violation of its regulations. But we conclude that the BIA

7

did not engage in factfinding, and even if it had that factfinding would have been permissible under the applicable regulation.

\* \* \*

For the foregoing reasons, the petition for review is DISMISSED in part and DENIED in part. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court